UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN SUAREZ ARTUNDUAGA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>Respondents. | Case No.: 3:25-cv-3627-CAB-KSC<br><br>**ORDER PARTIALLY GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>**[Doc. No. 1]** |

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Cristian Suarez Artunduaga. ("Petitioner"). [Doc. No. 1 ("Petition").] Petitioner claims that he is detained by Immigration and Customs Enforcement ("ICE") in violation of the Fourth and Fifth Amendments and the Administrative Procedure Act. [*Id.* at 18–26.] He seeks immediate release from ICE detention, or at minimum, an individualized bond hearing. [*Id.* at 27.] For the following reasons, the Court **PARTIALLY GRANTS** the Petition and **ORDERS** Respondents to provide a bond hearing.

I.   **BACKGROUND**

Petitioner is a citizen of Colombia. [*Id.* at 2.] He presented on April 14, 2024 at the Laredo, Texas Port of Entry with a scheduled Customs and Border Patrol ("CBP") One appointment. [*Id.*] Petitioner requested asylum and received a grant of humanitarian parole

until April 13, 2025 under the Class of Admission "DT" pending a hearing on the merits of his asylum application. [*Id.*][1] Petitioner later requested, and on August 14, 2024, the Immigration Judge ("IJ") granted, a dismissal of his pending removal proceedings in light of his parole status. [Petition at 3.]

On June 29, 2025, Petitioner turned into the main gate of a U.S. military facility and was detained by military police for not having a driver's license while operating a motor vehicle. [*Id.* at 8; Doc. No. 5 at 2–3.] The military contacted ICE, who detained Petitioner. [Doc. No. 5 at 3.] Petitioner was then issued a new Notice to Appear and placed in new removal proceedings. [*Id.*]

## II.   LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.   DISCUSSION

The arguments with regards to jurisdiction being barred under 8 U.S.C. § 1252 are identical to those recently addressed by the undersigned in *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1137–38 (S.D. Cal. Sept. 24, 2025). The Court adopts its reasoning on those issues and incorporates it by reference. Accordingly, the Court is satisfied of its jurisdiction and proceeds to the merits.

Respondents counter that Petitioner had no legal status on June 29, 2025 because his parole expired more than two months prior. [Doc. No. 5 at 7–8.] Therefore, according to

---

[1] Neither Petitioner nor Respondents have included the documentation of Petitioner's humanitarian parole demonstrating the expiration date. However, the Court accepts as true the fact that Petitioner's parole was expired at the time of his detainment.

2

Respondents, Petitioner is an applicant for admission pursuant to 8 U.S.C. § 1225(b)(2). [*Id.*] But as Respondents have represented in other cases before this Court that involved petitioners purportedly detained under § 1225(b)(2):

> [I]n November 2025, in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), the district court declared the "Interim Guidance Regarding Detention Authority for Applicants for Admission" unlawful under the Administrative Procedures Act. On December 18, 2025, the *Bautista* court entered final judgement. *Bautista*, [Doc.] No. 94. Accordingly, Respondents acknowledge that, in accordance with *Bautista*, [p]etitioner [who Respondents alleged was detained under § 1225(b)(2)(A)] is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a).

*Rahul Sharma v. Jeremy Casey, et al.*, No. 3:26-cv-00050-CAB-SBC, Doc. No. 5 at 3 (S.D. Cal. January 15, 2026).  Here, too, Respondents allege that Petitioner is lawfully detained under § 1225(b)(2) as an "applicant for admission" who is "seeking admission [and] is not clearly and beyond a doubt entitled to be admitted."  [Doc. No. 5 at 8–9.]

The Court thus **ORDERS** Respondents to provide Petitioner an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its associated regulations within fourteen days of the date of this order.  Respondents are further **ORDERED** to update this Court on the status of Petitioner's bond hearing within two business days of its completion.

It is **SO ORDERED**.

Dated: January 27, 2026

Hon. Cathy Ann Bencivengo
United States District Judge